

372

2015 AUG -4 P 4: 18

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.  PLAINTIFF DEMANDS TRIAL BY JURY

James O'Brien

Wolfeboro Police Department

Town of Wolfeboro

*New May 7, 2014 claims*

JURISDICTION

1. This new cause of action for damages, is brought pursuant to 42 U.S.C. 1983 Jurisdiction is founded upon 28 U. S. C. 1331 (1)(3)(4), and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1367 (a) to hear and adjudicate state law claims. Plaintiff claims a trial by jury.

PARTIES

2. Plaintiff Josephine Amatucci, at P.O. Box 272, Wolfeboro Falls, N.H. 03896 is a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. James O'Brien, in care of the Wolfeboro Police Department, P.O. Box 1689, Wolfeboro, New Hampshire, 02894. Individually and Officially;

4. Town of Wolfeboro, P. O. Box 629, Wolfeboro, N.H. 03894.

1

5.     Wolfeboro Police Department, P. O. Box 1689, Wolfeboro, N.H. 03894

COMPLAINT INTRODUCTION

6.     Because the Plaintiff is Pro Se, the court may have a higher standard and read the Complainant's allegations expansively. Haines v. Kerner, 404 U.S. 519, 520-21, 92S Ct. 594, 596, 30 L.Ed. ID 652 (1972) and take them as true. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 3l L.  There is no res judicata, as the complaint is based on the May 7, 2014, there is no Statute of Limitations, as although O'Brien has resigned or has been fired, and is in another State he has only resigned one month ago and the statute of limitations extends to one year after leaving a government job for a public official as a police officer. There are no other lawsuits linking O'Brien to the May 7th seizure of the Plaintiff. ~~The Plaintiff is seeking triple damages for the continuing conduct and the continuing code of silence practiced in the Town of Wolfeboro by their employees and public official~~s.

7.     Count 1......Monell Claim

The Plaintiff argues that the town of Wolfeboro violated her fourteenth amendment of due process liberty interest in bodily integrity, when James O'Brien caused her to be Pursued with no probable cause, which led to her injuries, of a false arrest, incarceration and Prosecution. ~~In a continuing conduct, conduct of which the town and police department were aware and did nothing. When under color of law.~~ That the town had a constitutional right to protect her from O'Brien. ~~See DeShaney v. Winnebago County Dept't of Social Serv's., 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).~~ The language under the Due Process Clause requires the State to protect the life, liberty and property of its citizens under Color of law.  See Washington v. glucksber, 521 U.S. 702, 720, 117 S. Ct. 2258, 138 L.Ed. 2d 772, (1997); Rochin v. California 342 U.S. 165, 172, 72 S.Ct. 205, 96 L. Ed. 183 (1952). In particular, the Plaintiff maintains that the de facto policies in the town of Wolfeboro.....through the conduct

of members of the Wolfeboro Police Department impeded and interferred with the investigation of police misconduct, which deprived her of her liberty interest in bodily integrity.

8.      Specifically, the Plaintiff argues that the town's de facto policy was the moving force behind the deprivation of her due process rights, namely, liberty interest in bodily integrity. See board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).   Congress did not intend to impose liability on a municipality unless

A.      DELIBERATE ACTION.........See Count 7 Below.

B.      Widespread Custom, Policy.   *RETALIATION*

That the Plaintiff's constitutional injury was caused by (1) the enforcement of an express policy (of Retaliation for complaint of police misconduct); a widespread practice that is so permanent and wll-settled that it constitutes a custom or usage with the force of law; or (3) a person with final policymaking authority.   See Palka, 662 F.3d at 434; Connick v. Thompson, U.S. 131 S.Ct. 1350, 1359, 179 L.Ed. 2d 417 (2011)("these are actions for which the municipality is actually responsible.   By the Plaintiff presenting evidence that the town has a well-settled, widespread practice and custom of ....IMPEDING AND INTERFERING WITH POLICE MISCONDUCT INVESTIGATIONS.   *There was no issue of Retaliation in the 2002 or 2003 Arrests - No Res Judicata*

MOREOVER,  the Plaintiff contends that there is an attendant "code of silence" that exists within the town and the police department whereby public officials and officers conceal each others's misconduct in contravention of their sworn duties.   The Plaintiff maintains that this de-facto policy and the code of silence are evidenced and caused by the Wolfeboro Police Department's failure to : (1) sufficiently investigate's allegations of police misconduct;  (2) accept citizen complaints against police officers;  (3) promptly interview suspected officers or take witness statements to preserve evidence;  (4) properly and sufficiently discipline officers;  and (5) maintain accurate and complete records of complaints and investigations of

misconduct. ~~The Plaintiff asserts that the Police Department fabricates exculpatory Evidence or destroys evidence when investigaing citizen complaints against its police officers. The Plaintiff maintains that this de facto policy and the code of silence encourages Wolfeboro police to engage in misconduct with impunity and~~ without the fear of official consequences.

Therefore, the failure of the Wolfeboro Police Department to acknowledge its potential and to take affirmative steps to eliminate or minimize the influence of the code of Silence, is a conscious choice the police managers and executive officers have taken, which represents a position of DELIBERATE INDIFFERENCE by the Wolfeboro Police Department to a disruptive issue within the Agency. ~~Any reasonable officer in the Wolfeboro Police Department would be aware of the systemic deficiencies in the administrative investigations process and the discipline delibeate system coupled with the~~ entrenched affect of the code ~~of silence. Those officers who engage inmisconduct and violate citizens' Constitutional rights would do so with the perception that their misconduct would go undiscovered or~~ investigated in such a deficient ~~manner or subjected to prolonged delay in adjudication that they would not be held accountable or sanctioned.~~

C.     Causation

That the town's de facto policy ...with the attendant code of silence ...was the 'moving force' behind her constitutional injury. See Bryan County, 520 U.S. at 407-08. That the Plaintiff sets forth evidence demonstrating a direct causal link between the de-facto policy and the code of silence and the deprivation of he due process rights of liberty interest in bodily integrity.

D.     Culpability

The Plaintiff alleges that their is a de-facto policy of impeding and interfering with police misconduct investigations, and that this policy, along with the code of silence, directly caused her constitutional injury.

The Plaintiff's Monell claim is based on the component of the Fourteenth Amendment Due Process Clause 'that protects individual liberty against 'certain govenment actions regardless of the fairness of the procedures used to implement them. Collins v. City of Harker Heights, Tex. 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed. 2d 261(1992)  In particular the Plaintiff relies upon her fundamentl liberty interest in bodilyt integrity.  See Rochin, 342 U.S. at 172.  That the town 'exercised its power without reasonable justification in a manner that 'shocks the conscience'. Bettendorf v. St Croix County 631, F.3d 421, 426 (7th Cir. 2011). "Conscience Shocking behavior is likely to be found where the conduct is INTENDED TO INJURE, in some way UNJUSTIFIABLE by and government interest.  Steen v. Myters, 486 F. 3d 1017, 1023 (7th cir. 2007).  County of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998).  Id at 305 a 'municipality can be held liable under Monell, even when its officers are not.

~~The Plaintiff states that in 2003 O'Brien was acting withing his scope of employment as he was accompanied by two other police officers when he moved the Plaintiff from the jail where he put her the day before, and where he was allowed to appear at her arraignment and have her prosecuted by the police department.~~

MAY 7, 2014

9. This case is based PRIMARILY on the May 7, 2014 (EXHIBIT 9)  event that occurred in the town  hall when James O'Brien set up a PURSUIT of Josephine Amatucci with no probable cause except in retaliation for her complaining about police misconduct.  And the injuries to the Plaintiff as a result of the unlawful pursuit.  When O'Brien called the Sheriff's  office for backup of a Pursuit of Josephine Amatucci he was planning an unlawful  seizure of the Plaintiff under the law and the results of the unlawful pursuit caused her injuries.  When she was arrested, incarcerated and prosecuted ......AS A RESULT FROM THE UNLAWFUL PURSUIT.  This case is based on a Civil Rights

5

Action, on a continuing conduct, where former Police Officer James O'Brien on May 7, 2014 set the Plaintiff up in a false 'Pursuit' with the intentions of having her arrested by the Police chief, and to stop her from reaching the Sheriffs office. The set-up caused the Plaintiff to be accused of a bogus traffic violation of speeding, and because of this set-up the Plaintiff was also arrested and incarcerated for Disobeying a Police Officer, which was DIRECT RESULT OF THE BOGUS 'PURSUIT'. At 1251 P.M. there was no Pursuit, and even if there was a Pursuit Officer O'Brien made this phone call to the Sheriff's office from the TOWN HALL, and he would not know if there was a 'Pursuit ' in effect at that moment. After the call to the Sheriff's office O'Brien called Police Officer Shane Emerson, and told him to '        GET HER' shortly afterwards at 1251 Emerson calls into dispatch stating, "I am trying to 'STOP her'. This phone call of James O'Brien from the town hall is on a recording of which the Plaintiff will make a copy for the court. OFFICER EMERSON HAD NO PROBABLE CAUSE TO STOP THE PLAINTIFF. As later the Plaintiff was found NOT GUILTY of speeding. And Deputy Sheriff Thompson in a Narrative stated that the police told him she was never speeding, but that they just wanted to stop her car. Therefore, the police had no reason to come after the Plaintiff, except that she was set-up by the defendant to be pursued when he found out from the employees of the Town that the Plaintiff was headed to the Sheriff's office to complain about the Police Chief Stu Chase, who minutes earlier had threatened the Plaintiff in the Police Station. The Plaintiff had gone inside the police station to ask Chief Chase to do an investigation on police officer Dean Rondeau who had accused her of a bogus traffic violation on August 21, 2013, when she could prove that she was out of town that day. Instead of taking her complaint according to the Internal Affairs Procedure, and investigate the Chief went beserk pointed his finger in her face, and threatened the Plaintiff saying, "if you accuse my men of misconduct I will get you and arrest you on the spot. Afte the Plaintiff was threatened she told the Chief that

6

she was going to the Town Hall to get the Selectmen and tell them that the Chief had criminally threatened her.

10.     In the Town Hall the Plaintiff went inside the office of Anne Marble, who is the Administrator for the Town Manager, she was alone, and the Finance Director was there for a few minutes, enough to hear the Plaintiff complain about the police chief.  As it turned out the Selecmen could not be reached and when the Plaintiff was leaving Ms.Marble's office, Rob Houseman stopped her at the door grabbed her arm and told her to follow him.  Rob Houseman has an office in the back building of the town hall, he is the town planner, but that day on May 7th he was the acting town manager.  It appears he had come to try to stop the Plaintiff from complaining about the police chief.  it was a set-up to stop her from contacting the Selectmen, but she was already told by Anne Marble that the Selectmen could not be reached.  Rob Houseman did not know this.  Mr. Houseman had taken the Plaintiff in the Court Room, to hold her until the police arrived, as on his way to Anne Marble's  office he had called in a phony complaint to the police dispatch,  to set the Plaintiff up for a disturbance in the town hall.  Where the only disturbance was his actions.  The Plaintiff's got away from Houseman but before leaving told the employee's of the town that she was going to get the Sheriff.  Officer james O'Brien arrives at 1251, the Plaintiff had left, and he immediately finds out that the Plaintiff was headed to the Sheriff's office, and this is when Officer O'Brien sets up the Plaintiff for a Pursuit, where THERE WAS NO PROBABLE CAUSE TO PURSUE THE PLAINTIFF at that time and never, it was a set-up with the approval of the police chief who was also pursuing her in another police cruiser, with the sole purpose to stop her before she got to the sheriff's office.  The Plaintiff knew that the Chief was coming after her as promised in the police station if she complained about police misconduct, so being terrified she did not stop when he put his lights and

siren on. She did not have to stop because the police had no probable cause to seize her in the first plaint, as she was not speeding. Therefore she was not in official detention when was STANDING HER GROUNDS, according to this New Hampshire law. The Plaintiff was found....... NOT GUILTY..... (EXHIBIT 10) for the offense of speeding by the 3rd Circuit District Court.

11. ~~This seizure of the Plaintiff is a Continuing Course of Conduct, of a Conspiracy of James O'Brien to harm the Plaintiff, the Plaintiff believes the reason being that her neighbor of whom she filed a no-contact order is to blame, as Pauline Maloney bragged to the people that she had 'UPPER CONNECTIONS WITH THE POLICE' and she was instrumental in having me arrested in 2003. THEREFORE THE PLAINTIFF IS REQUESTING TRIPLE DAMAGES.~~ Each invasion invasion of Plaintiff's interest resulting from ~~the conspiracy acreates A NEW CAUSE OF ACTION. The cause of action is NOT THE SAME. The issue is not the same or what might have been an issue is not the same. The Plaintiff does not have the details but it appears that O'Brien committed other crimes against the public as he was the K-9 officer but the police department removed him from this job and gave it to another police officer.~~

TOWN AND POLICE DEPARTMENT REFUSE TO ACCEPT

CITIZENS COMPLAINTS

RETALIATION

12. Below, the Plaintiff will show the state of mind required to prove the underlying violation of a Federal Right. Dye v. Wargo, 253

~~EXHIBIT 1...... The Plaintiff will produce evidence of the towns de facto policy as it relates to her 2002 arrest her 2003 arrest and the events of August 21, 2013 and the events of May 7, 2014;~~

~~EXHIBIT 2...... Police Chief Brian Black' and police chief Label, refusal to investigate Hamilton, and Police Officer James O'Brien;~~

~~EXHIBIT 3...... Police Chief Chase refusing to investigate O'Brien and Lt. Dean Rondeau;~~

EXHIBIT 4......... ~~The town officials, Selectmen and Town Manager refusing to investigate;~~

EXHIBIT 5..........Employee of the town, Sectretary to the Town Manager, Anne Marble's actions against the Plaintiff's accusations against the Police Chief by calling him on the phone and warning him that the Plaintiff was just in her office complaining about him. Even when she was told by the Plaintiff that the Chief warned the Plaintiff not to accuse 'his men' of misconduct or he will get her and arrest her on the spot;

EXHIBIT 6...........Employee and Town Planners reaction and abuse of Plaintiff for accusing the police of misconduct in the town hall on May 7, 2014;

EXHIBIT 7.............Employee Kathy Ferland calling the police dispatch requested by Houseman to accuse the Plaintiff of a 'little unruliness' when it was Rob Houseman who was causing the disturbance in the town hall when he attacked the Plaintiff. This was a defense for an offense.

### ~~A CONTINUING CONDUCT~~

13. ~~A prior judgment in 2003 is no bar to the present action. O'Brien accused her of a crime she did not commit in 2003 (EXHIBIT 8), the cause of action was different than this cause of action. Of violating a Stalking Order, when the court never issued a Stalking Order, of an unlawful arrest, imprisonment and prosecution, besides, shockingly, event though O'Brien had accessed the State NCIC Data Base, and they stated no Stalking Order was ever issued by the court, and event though SHOCKINGLY O'Brien was not a police officer on December 29 2003 when he came to get the Plaintiff from the jail where he put her the day before, and even though he was not a police officer that day, he signed a document at the Arraignment where he took the Plaintiff, and signed that he was a police officer, he committed among all other things, PERJURY. Therefore, he had a warrant that was illegal, as no warrant issues for a violation of a no contact order, as the order was not a Stalking Order but a no-contact order, where the police have no authority to prosecute civil matters, O'Brien still made sure at the Arraignment that the Plaintiff was PROSECUTED.~~

14. ~~The Plaintiff had been pleading with the town officials to investigate O'Brien, (EXHIBIT 11) but first they lied in front of the public at a televised Selectmen's meeting~~

~~that they had no jurisdiction or authority over the police, when the Plaintiff found out that they did when she reviewed the police union contract and found that the Selectmen maintained equal jurisdiction over the police with the police commissioners over all aspects of police duties and police misconduct. They adamantly refused to investigate, any police misconduct, and refused to get an outside unbiased Agency to do an investigation. Therefore, the Plaintiff states that the denial of the town officials to discipline O'Brien is the reason for the second attack on the Plaintiff by O'Brien as he knew the town officials would not investigate police misconduct. They are responsible for her inflictions by O'Brien in 2003 and recently on May 7, 2014.~~

15. THE CLAIMS AGAINST O'BRIEN AND DEFENDANTS:

CLAIM 1 .....A fourth and Fourteenth amendment violation, of Due Process, the right not to be seized without probable cause, the PURSUIT was an unlawful seizure, with probable cause....against the Plaintiff's FUNDAMENTAL CONSTITUTIONAL GUARANTEE Graham v. Connor, 490 U.S. 386, 395, 104 S.CT. 1865. 104 L.Ed. 2nd. 443 (1989). Protection under the Fourth Amendment 'Objective Reasonableness'.

Count 2..........a false arrest, incarceration and prosecution the result of an unlawful PURSUIT;

Count 3..........Retaliation, A First Amendment claim, which was the reason for the unlawful pursuit of the Plaintiff; RIGHT TO REDRESS GOV. WITHOUT RETALIATION

~~Count 4..........Perjury, where the town officials denied that they had jurisdiction over police misconduct at a recorded public town selectmen meeting in front of the public.~~

~~Count 5..........CONSPIRACY, a continuing conduct claim for treple damages.~~

~~Count 6.......... Violation of her First and Fourteenth Amendment rights based on the towns de facto policy of concealing or suppressing investigations into police officer misconduct, along with a Code of Silence within the Wolfeboro Police Department.~~

Count 7......... ...Deliberate Indifference where the municipality was the moving force behind the Plaintiff's deprivation of federal rights. (citing Monell, 436 U.S. at 694). As the Seventh Circuit teaches, "Monell recognized that the premise behind a 1983 action against a governing body is

10

"the allegation that official policy is responsible for the deprivation of rights. "Thomas Cook County Sheriff's Dep't, 604 F.3d 293, 306 (7th Cir. 2010).   See also Milestone v. City of Monroe, Wis. 665 F.3d 774, 780 (7th Cir. 2011) . The Supreme Court distinguishes acts of the municipality from acts of employees of the municpalities.   Therefore, the municipality itself is the state actor and its action in maintaining the alleged policy at issue supplies the 'color of law' requirement under 1983. See Gibson v. City of Chicago, 910 F.2d 1510, 1519-20 (7th Cir. 1990).  Accordingly, the Court examines the Plaintiff's due process claim against the town under the Monell framework that the Town's de facto policy was the moving force behind the deprivation of her constitutional rights.  To establish liability against the town under Monell, the Plaintiff shows that: (1) she suffered a deprivation of a constitutional right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act act of a decison-maker with final policymaking authority (Chief Chase who pursued the Plaintiff on May 7, 2014); that (3) proximately caused her constitutional injuries. See Ovadal v. City of Madison, 416 F.3d 531, 535 (7th Cir. 2005).

Count 8..................Intentional and Negligent Affliction of emotional distress.  Where the offense is intentional and unlawful, there is an INTENT of harming, and the Plaintiff was harmed when she was SEIZED and her li berty was taken away, and when she was jailed and although she only spent 4 hours in jail and was allowed to bail out, they had impounded her car and she did not have the money to take her car out of impoundment for 3 days,  therefore, she was falsely imprisoned for THREE DAYS. Of severe emotional stress, of a lost of liberty. Where the seizure of a person is analyzed under a Fourth Amendment violation in an inquiry for "unreasonable seizure."  *ANY UNLAWFUL INTENTIONAL SEIZURE IS ADDRESSED UNDER THIS CLAIM*

Respectfully,

Josephine Amatucci

P. O. Box 272

Wolfeboro Falls, NH 03896

July 27, 2014

*Josephine Amatucci*

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

   v.                                    Civil No. 13-mc-039-LM

All Defendants


## NOTICE OF RULING

    The complaint docketed as Document No. 20 asserts claims under state and federal law arising out of events alleged to have occurred on or around May 7, 2014 that do not violate the July 29, 2013 filing restriction applicable to Ms. Amatucci's filings in this court. The complaint also contains, however, a number of "conspiracy" claims indicating that the defendants' are liable because their allegedly unconstitutional May 2014 actions were executed in furtherance of the conspiracy which Ms. Amatucci believes have arisen from and persisted since her 2003 neighbor dispute and arrest. These conspiracy claims violate the July 29, 2013 filing restriction. Accordingly, this complaint will not be docketed, as Ms. Amatucci <u>may not file any action</u> "in this court arising from her 2003 arrest" without prior court approval. This ruling does not impact or prejudice Ms. Amatucci's ability to file a new action that concerns the

May 2014 claims, provided Ms. Amatucci can assert such claims without also asserting claims that are barred by the the July 29, 2013 filing restriction.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 29, 2015

cc: Josephine Amatucci, pro se