```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Josephine Amatucci

   v.                                    Civil No. 15-cv-356-JL

James O'Brien et al.[1]


### REPORT AND RECOMMENDATION

Plaintiff, Josephine Amatucci, has filed this civil rights action against the Town of Wolfeboro ("Town") and current and former employees of the Town and the Wolfeboro Police Department ("WPD"). Before the court are documents Amatucci filed after August 5, 2016, which the court construes as proposed addenda to the complaint (Doc. Nos. 56, 57, 60-62, 64-75, 78, 81, 82, 84-86, 89, 90, 93-98). The court subjects those proposed addenda to preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

Also before the court are the following motions, filed by Amatucci after August 5, 2016:

---

[1] The defendants in this action are: the Town of Wolfeboro, New Hampshire ("Town"); Wolfeboro Police Department ("WPD") Chief Stuart Chase; WPD Officer Shane Emerson; former WPD Officer James O'Brien; Town Manager Dave Owen; and former Town Planner Rob Houseman.

- Plaintiff's "Motion to Amend" (Doc. No. 66); and Plaintiff's Response (Doc. No. 85);

- Plaintiff's "Petition/Motion for New Trial" (Doc. No. 68);

- Plaintiff's "Motion to Add Another Claim" (Doc. No. 69); and Plaintiff's "Cause of Action for Pain and Suffering Claim" (Doc. No. 86);

- Plaintiff's "Petition/Motion for New Trial" (Doc. No. 71);

- Plaintiff's "Petition for Injunctive Relief/Hearing Requested" (Doc. No. 82); and

- Plaintiff's "Motion to Address the Trial Court Case Based on the No-Trespass Order" (Doc. No. 84).

In addition to considering the factual and legal assertions in those motions as proposed complaint addenda, the court makes recommendations as to the disposition of the motions.[2]

## Discussion

I. **Preliminary Review**[3]

    A.  Claims Previously Dismissed from this Case

---

[2] Plaintiff's "Petition for Injunctive Relief/Hearing Requested" (Doc. No. 82) has been specifically referred to this magistrate judge for a report and recommendation as to disposition.

[3] In conducting this preliminary review of the proposed complaint amendments and addenda, the court applies the same standard applied during the initial preliminary review in this case, as set forth in the August 5, 2016, Report and Recommendation ("R&R") (Doc. No. 52).

1.  **Unlawful Arrest, Imprisonment, and Prosecution (Doc. Nos. 65, 67, 70, 73, 74, 78, 81, 89, 95, 96, and 98)**

The court has dismissed Amatucci's claims asserting that her May 7, 2014, arrest and imprisonment, and her ensuing prosecution, were unlawful.  See Doc. No. 63 (Aug. 19, 2016, Order).  To the extent Amatucci's filings, docketed as Document Nos. 65, 67, 70, 73, 74, 78, 81, 89, 95, 96, and 98, seek to renew those claims, those claims should be dismissed from this action.

2.  **Claims Concerning the Failure to Investigate Police Misconduct (Doc Nos. 60 and 61)**

The court has dismissed Amatucci's claims asserting that the Town has violated her rights by engaging in a de facto policy of refusing to investigate her police misconduct complaints.  See Doc. No. 63 (Aug. 19, 2016, Order).  To the extent Amatucci's filings, docketed as Document Nos. 60 and 61, seek to renew those claims, those claims should be dismissed from this action.

3.  **Intentional Infliction of Emotional Distress Claims (Doc. Nos. 62, 64, 90)**

The court has previously dismissed Amatucci's claims that defendants in this action are liable to her for the state law tort of the intentional infliction of emotional distress.  See

3

Doc. No. 63 (Aug. 19, 2016, Order). Amatucci now argues that the court failed to properly characterize the defendants' alleged behavior as sufficiently abhorrent to warrant liability. Amatucci has not asserted new facts to support that assertion. To the extent Amatucci's filings, docketed as Document Nos. 62 and 64, and 90, seek to renew those claims, those claims should be dismissed from this action.

### 4. Defamation – Town Hall (Doc. No. 90)

The court has previously dismissed Amatucci's claim that Town Manager Dave Owen defamed Amatucci by yelling at her in the Town Hall. See Doc. No. 63 (Aug. 19, 2016, Order). Amatucci now seeks to reassert that claim, but has not alleged sufficient additional facts to support such a claim. To the extent Amatucci seeks in her complaint addendum docketed as Document No. 90, to renew her defamation claim alleging that Owen yelled at her on one or more occasion in the Town Hall, that claim should be dismissed from this case.

### 5. Municipal Liability Claims (Doc. No. 97)

The court has previously dismissed Amatucci's claims that the Town was responsible, under a theory of municipal liability, for the actions of (former) Town Planner Robert Houseman and Town employee Anne Marble on May 7, 2014. See Doc. No. 63 (Aug. 19, 2016, Order). Amatucci now seeks to reassert those claims,

4

but has not alleged sufficient additional facts to support such claims. To the extent Amatucci seeks in her proposed complaint addendum, docketed as Document No. 97, to renew those claims, those claims should be dismissed from this case.

    B.    <u>Conspiracy – Trooper Greg Dube (Doc. No. 72)</u>

The court has dismissed a conspiracy claim Amatucci asserted against New Hampshire State Police Trooper Greg Dube and Owen. <u>See</u> Doc. No. 63 (Aug. 19, 2016, Order). Amatucci now asserts, in the proposed complaint addendum filed in this matter as Document No. 72, that she intended to assert that the alleged conspiracy was between Dube and the WPD and/or WPD Chief Stuart Chase. No specific facts in the filings in this case give rise to a reasonable inference that a conspiracy existed between Dube and anyone in the WPD. Accordingly, to the extent Amatucci seeks in her proposed complaint addendum, docketed as Document No. 72, to assert a claim that the WPD and Chase at this time conspired with Dube, the claims at issue should be dismissed from this case.

    C.    <u>Claims Asserted Against WPD Prosecutor Timothy Morgan (Doc. Nos. 56, 57, 75, and 98)</u>

        **1.    Claims Concerning CD/DVD Evidence**

The court has dismissed Amatucci's claims against Attorney Timothy Morgan, alleging that he withheld exculpatory evidence

5

against her in the criminal prosecution arising out of the events of May 7, 2014, on the basis that those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  See Doc. No. 63 (Aug. 19, 2016, Order).  Under Heck, "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence,' . . . [42 U.S.C. §] 1983 is not an available remedy," absent a showing that the conviction terminated in her favor, or has been otherwise invalidated. Skinner v. Switzer, 562 U.S. 521, 533 (2011) (quoting Heck, 512 U.S. at 487).

Amatucci now seeks to bring claims against Morgan alleging that he falsified and fabricated evidence against her at her June 2015 trial.  These claims are also barred by Heck, and should be dismissed.

### 2. Defamation and Due Process Violations

Amatucci asserts that Morgan's decision to prosecute her resulted in violations of her state and federal constitutional due process rights and amounted to defamation under state law. Prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); accord Belcher v.

6

Paine, 136 N.H. 137, 148, 612 A.2d 1318, 1325-26 (1992).  The act of deciding whether to prosecute a particular case falls squarely within the scope of prosecutorial functions that occur during "the judicial phase of the criminal process." Accordingly, Morgan is absolutely immune from civil liability for the act of prosecuting Amatucci, and the defamation and due process claims asserted against Morgan should be dismissed.

### 3. Reduction of Class A Misdemeanor to Class B Misdemeanor

Amatucci alleges that Morgan violated state law when he reduced the disobeying a police officer charge against her from a Class A to a Class B misdemeanor, resulting in the loss of her right to a jury trial and her right to a trial de novo.  Because Amatucci's claim challenges the validity of her conviction, it is barred by Heck.  Further, a prosecutor's decision to bring a particular criminal charge is within the scope of prosecutorial functions that entitle Morgan to immunity from civil liability for that choice.  Accordingly, Amatucci's claims against Morgan asserting that her rights were violated by the reduction of her charge to a Class B misdemeanor should be dismissed.

### D. Claims Seeking Criminal Prosecution of any Defendant (Doc. No. 56, 57, and 94)

Amatucci alleges that certain defendants in this action have committed criminal acts.  Specifically, she alleges that:

7

her May 7, 2014, arrest constituted a kidnapping by Chase, WPD Officer Shane Emerson, and (former) WPD Officer James O'Brien; and that Owen committed perjury by telling lies about Amatucci.

There is no cause of action under § 1983 for the failure to prosecute a crime, as an individual has no federal constitutional right to have criminal wrongdoers brought to justice. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Amatucci cannot state a claim asserting a right to have defendants prosecuted for criminal acts, and those claims should be dismissed.

> E.  Challenges to Judge McAuliffe's July 29, 2013, Order (Doc. Nos. 60 and 61)

On July 29, 2013, Judge McAuliffe enjoined Amatucci from filing "any further actions in this court arising from her 2003 arrest without prior approval from a judge of this court." Amatucci v. Hamilton, No. 13-cv-087-SM (D.N.H. July 29, 2013), ECF No. 8. Amatucci now asserts that that Order is void because, she asserts, Judge McAuliffe is somehow connected to a law firm that represents defendants in that action.

The case in which the July 29, 2013, Order was issued is closed.  Amatucci did not appeal the Order she is now challenging.  Amatucci's request to void Judge McAuliffe's injunction in the context of this case should be denied.

   F.   Claims Asserting Negligent Infliction of Emotional
        Distress (Doc. Nos. 62, 64, 90)

The court has previously dismissed Amatucci's claim that defendants in this action are liable to her for the state law tort of negligent infliction of emotional distress, see Doc. No. 63 (Aug. 19, 2016, Order), because Amatucci failed to assert that she suffered "serious mental and emotional harm accompanied by objective physical symptoms," Mottram v. Wells Fargo Bank, N.A., No. 15-cv-470-PB, 2016 DNH 046, 2016 WL 917905, at *4-*5, 2016 U.S. Dist. LEXIS 29224, at *11-*12 (D.N.H. Mar. 8, 2016) (internal quotation marks and citations omitted), and had thus failed to state a viable negligent infliction of emotional distress claim in this matter.  Amatucci has now alleged that, as a direct result of the defendants' mistreatment, she has suffered insomnia due to fear of the police, and severe emotional distress that manifest as uncontrollable outbursts and crying jags.  These facts are minimally sufficient to allow Amatucci's negligent infliction of emotional distress claim to proceed and, in an Order issued simultaneously with this Report

and Recommendation ("Simultaneous Order"), the court directs defendants Chase, Emerson, and O'Brien to respond to that claim.

### G. Defamation Claim - Costs of Litigation (Doc. Nos. 66, 85, 90, 93)

The court previously dismissed Amatucci's claim, numbered as Claim 7 in the August 5, 2016, Report and Recommendation ("R&R"), alleging that she was defamed when a Town employee provided information to a local newspaper that mischaracterized the cost of Amatucci's cases. See Doc. No. 63 (Aug. 19, 2016, Order). The claim was dismissed without prejudice to plaintiff's ability to move to amend her complaint to name a specific defendant, and to state, with specificity, what acts or admissions of that individual caused her to be defamed.

Amatucci now asserts, in her filings docketed as Document Nos. 66, 85, 90, and 93, that Owen provided false information to the newspaper about Amatucci, resulting in significant harm to her reputation. Specifically, Amatucci asserts that Owen falsely told the newspaper that Amatucci was responsible for the expenditure of "far more than $30,000" in taxpayer money for legal bills the Town incurred as a result of Amatucci's actions. In the same newspaper interview, Owen stated that, as a result of the Town's "claims experience," the Town's insurance costs were going to increase by up to ten percent in each of the next

two years.  While Owen did not specify what "claims experience" he meant, the statement was made in the context of a statement concerning Amatucci's many claims against the Town.  Amatucci further asserts a factual basis for alleging that Owen's statements to the newspaper were false.  Those assertions state a defamation claim against Owen.  See Pierson v. Hubbard, 147 N.H. 760, 763, 802 A.2d 1162, 1165 (2002) (plaintiff proves defamation by showing that defendant failed to exercise reasonable care in publishing, without privilege, false and defamatory statement of fact about plaintiff to third party). Amatucci's filings fail to allege sufficient facts to show that any other statement by Owen was false and defamatory, and/or was made without exercising reasonable care.

Accordingly, the claim identified as Claim 7 in the August 5, 2016, R&R, is now amended to assert as follows:

> 7.   Town Manager, Dave Owen, defamed Amatucci by providing false information to the Granite State News newspaper that Amatucci had: cost the Wolfeboro taxpayers "far more than $30,000" in legal costs since January 2014, and had caused the Town's insurance rates to increase by 10% in each of the next two years, thus damaging Amatucci's reputation and causing her to be subjected to contempt and harassment by members of the public.

In the Simultaneous Order, the court grants Amatucci's request to proceed on Claim 7, as amended, in this lawsuit, and directs Owen to respond to the claim.

11

    H.    Damages Sought (Doc. Nos. 69, 86, 90)

In some of her filings (Doc. Nos. 69, 86, and 90), Amatucci clarifies that she seeks particular kinds and amounts of damages for redress of the claims that have been allowed in this action. Amatucci may do so. To the extent any such request amends her complaint, the amendment should be allowed.

**II. Motions**

    A.    Motion to Amend Complaint (Doc. Nos. 66 and 85)

For the reasons stated above, in the Simultaneous Order, the court grants Amatucci's Motion to Amend (Doc. Nos. 66 and 85) to the extent she seeks to reassert her defamation claim, identified as Claim 7 in the August 5 R&R, as amended here. In the Simultaneous Order the court directs Owen to respond to that claim. The motion to amend (Doc. Nos. 66 and 85) should be denied in all other respects.

    B.    Motions for New Trial (Doc. Nos. 68 and 71)

In June 2015, Amatucci was convicted, in the Carroll County Circuit Court, of disobeying a police officer. See State v. Amatucci, No. 464-2014-CR-00836 (N.H. Cir. Ct., 3rd Cir., Dist. Div., Carroll Cty., Ossipee, June 25, 2015). On April 29, 2016, the New Hampshire Supreme Court affirmed that conviction. See State v. Amatucci, No. 2015-0562 (N.H. Apr. 29, 2016). Amatucci now asks this court to vacate her conviction, and to direct the

state Superior Court to provide her with a new trial, based on the prosecutor's improper amendment of her charge and the improper denial of a jury trial.

To grant plaintiff the release she seeks, the court would be required to issue an order "necessarily imply[ing] the invalidity of [her] conviction or sentence.'" Skinner v. Switzer, 562 U.S. 521, 533 (2011) (quoting Heck, 512 U.S. at 487). Amatucci cannot seek a new trial in her state criminal matter in this § 1983 action, and her motions for new trial (Doc. Nos. 68 and 71) should be denied.

    C.   Motion for Injunctive Relief (Doc. No. 82)

To obtain a preliminary injunction, a plaintiff must establish a likelihood of success on the merits of her underlying claims, irreparable harm in the absence of preliminary relief, a showing that the balance of equities tips in plaintiff's favor, and a showing that an injunction is in the public interest. Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015). The likelihood of success on the merits and irreparable harm are the factors that weigh most heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The burden of proof on a motion for preliminary injunction is on the movant.

See Esso Std. Oil Co., 445 F.3d at 18.

Plaintiff seeks injunctive relief in the form of an order directing Owen not to threaten her when she enters Town Hall. Defendants object. According to plaintiff's motion, she went to Town Hall to file a warrant article with the Town Clerk, at which time Owen threatened her. The nature of the threat is unspecified in the motion, but defendants concede that Owen advised Amatucci that her presence at Town Hall violated an existing "No Trespass Order" issue by the Town, that Owen was going to call the police, and that she might be removed from Town Hall.

Amatucci has not demonstrated that she will suffer irreparable harm if the court does not issue injunctive relief. Amatucci does not allege that Owen prevented her from engaging in any activity in which she had a right to engage, or that he subjected her to any harm by "threatening" to call the police to enforce an existing order prohibiting her from going to the Town Hall without prior written permission. Amatucci has not alleged that any threat to her safety was made, or that she anticipates being at Town Hall in the foreseeable future under similar circumstances. Amatucci has thus failed to show that she will be irreparably harmed if the court does not issue the requested order. Accordingly, Amatucci is not entitled to injunctive

14

relief, and her motion for such relief (Doc. No. 82) should be denied.

    D.    <u>Motion to Add Claim (Doc. Nos. 69 and 86)</u>

Amatucci seeks to add a claim of "pain and suffering" to this action. An allegation that a plaintiff has endured "pain and suffering," by itself, does not state any claim under state or federal law. Accordingly, the motion to add a "claim" of pain and suffering per se should be denied, in part, to the extent Amatucci seeks leave to add "pain and suffering" as a free-standing claim.

Evidence that Amatucci has endured pain and suffering may be relevant to the amount of damages plaintiff may be awarded for other claims in this case. Accordingly, the Simultaneous Order directs defendants to respond to the assertions in Document Nos. 69 and 86, regarding Amatucci's pain and suffering.

    E.    <u>Motion to Address the Trial Court Based on the No-Trespass Order (Doc. No. 84)</u>

In her "Motion to Address the Trial Court Based on the No-Trespass Order" (Doc. No. 84), it appears that Amatucci anticipates that defendants will seek to dismiss her claims, numbered in the August 5 R&R as Claims 3(a), 3(b), 8(a), and 8(b), challenging the "No Trespass Order" on res judicata

grounds.  Amatucci seeks a preemptive ruling from this court that such a motion, if filed, would be denied.  The court declines to rule or offer any opinion on a motion that has not yet been filed.  Accordingly, the district judge should deny Amatucci's motion, without prejudice to her ability to raise any of the issues therein if defendants seek dismissal of her claims challenging the "No Trespass Order" on res judicata grounds.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge approve this R&R, by accepting the following specific recommendations:

    1.   Dismissal of claims asserted in Document Nos. 60-62, 64, 65, 67, 73, 74, 78, 81, 89, 90, and 95-98, that simply reassert claims that this court previously dismissed in the August 19, 2016, Order (Doc. No. 63);

    2.   Dismissal of the conspiracy claims asserted in Document No. 72;

    3.   Dismissal of the claims against defendant Morgan, asserted in Document Nos. 56, 57, 75, and 98;

    4.   Dismissal of claims seeking criminal prosecution of defendants in Document Nos. 56, 57, and 94;

    5.   Dismissal of claims asserted in Document Nos. 60

and 61, seeking reversal of Judge McAuliffe's injunction issued in a separate proceeding;

    6. Denial of Amatucci's motion to amend (Doc. Nos. 66 and 85), in part, except to the extent she seeks to amend and reassert Claim 7 (as amended);

    7. Denial of Amatucci's motion to add a free-standing claim of pain and suffering to this case (Doc. Nos. 69 and 86); and

    7. Denial of Amatucci's motion for a new trial (Doc. Nos. 68 and 71); motion for injunctive relief (Doc. No. 82); and motion to address the trial court (Doc. No. 84).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

October 19, 2016

cc:   Josephine Amatucci, pro se
      Garry R. Lane, Esq.
      Mark H. Puffer, Esq.