UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

   v.                                          Civil No. 15-cv-356-JL

James O'Brien et al.

### REPORT AND RECOMMENDATION

Before the court is plaintiff Josephine Amatucci's filing (Doc. No. 135) in which she seeks to add a malicious prosecution claim against Wolfeboro Police Chief Stuart Chase to this action. Defendants object ((Doc. No. 137). The filing is before the court for preliminary review pursuant to LR 4.3(d)(2).

### Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend their complaint as of right may amend only with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part."

Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (internal quotation marks and citations omitted).

## Discussion

In her proposed amendment to the complaint in this case, Amatucci asserts a malicious prosecution claim against Chief Chase under the Fourth Amendment and state tort law, for his role in initiating a prosecution against her on the charges for which she was arrested on May 7, 2014.  As this court stated when Amatucci previously attempted to assert a malicious prosecution arising out of her May 7, 2014 arrest, "a plaintiff may bring a suit under § 1983 . . . [for a Fourth Amendment malicious prosecution claim] if [s]he can establish that: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'"  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (citation omitted).

This court has already found that the record in this case demonstrates that there was probable cause for Amatucci's May 7, 2014 arrest, and for the criminal prosecution related to that arrest.  Further, the criminal proceedings in this case did not

terminate in Amatucci's favor.  Accordingly, Amatucci cannot assert a malicious prosecution claim against Chief Chase relating to the May 7, 2014 incident upon which relief may be granted.  Accordingly, Amatucci's request to amend her complaint to include such a charge is futile and should be denied.

## Conclusion

For the foregoing reasons, the court recommends that the district judge deny plaintiff's proposed complaint amendment (Doc. No. 135).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 2, 2016

cc:   Josephine Amatucci, pro se
      Garry R. Lane, Esq.
      Mark H. Puffer, Esq.